IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHANTHA MARIE JACKSON            :     CIVIL ACTION
                                 :
v.                               :     NO. 08-1027
                                 :
MICHAEL J. ASTRUE,               :
Commissioner of Social Security  :

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                              October 15, 2008



Upon consideration of the brief in support of request for review filed by plaintiff and defendant's response (Doc. Nos. 9 & 12), the court makes the following findings and conclusions:

1. Shantha Marie Jackson ("Jackson") filed for disability insurance benefits ("DIB") on April 16, 2005 and supplemental security income ("SSI") on March 22, 2007 under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f alleging an onset date of April 2, 2005. (Tr. 50-54; 261-67). Throughout the administrative process, including an administrative hearing held on August 9, 2007 before an ALJ, Jackson's claims were denied. (Tr. 5-8; 13-28; 36-41; 270-97). Pursuant to 42 U.S.C. § 405(g), Jackson filed her complaint in this court on March 3, 2008.

2. In her September 19, 2007 decision, the ALJ concluded, *inter alia*, that: (1) Jackson had severe impairments consisting of degenerative disc disease of the lumbar and cervical spine, carpal tunnel syndrome, a history of substance abuse, affective disorder(s) (variously diagnosed as adjustment disorder, bipolar disorder, and depressive disorder), and personality disorder; (2) Jackson's impairments did not meet or equal a listing; (3) Jackson had the residual functional capacity ("RFC") for light work with a sit/stand option, which is simple and repetitive, as self-paced as possible, is without mandated teams, assembly lines, or sustained public contact, and in which short periods of inattention are tolerated if they can be made up by the end of the shift or workday; (4) Jackson could perform jobs existing in significant numbers in the national economy, and (5) she was not disabled. (Tr. 17 ¶ 1; 19 Findings 3 & 4; 26 Finding 10; 27 ¶ 5 ; 28 Finding 11).[1]

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       4.     Jackson raises several arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

       A.     First, Jackson contends that the ALJ erred by failing to include reaching, fingering, and handling limitations in the RFC due to her carpal tunnel syndrome, degenerative disc disease, and her left shoulder impairment.[2] Jackson suggests that because the ALJ found her carpal tunnel syndrome and degenerative disc disease to be severe, then they must have resulted in functional limitations in areas such as reaching and handling. In support of her argument, Jackson also notes that in his July 7, 2005 assessment, Sylvan Brown, M.D. diagnosed degenerative disc disease and carpal tunnel syndrome after finding cervical and lumbar spinal pain on movement, positive Tinel's sign bilaterally, wrist pain on motion bilaterally, decreased grip with pain, some decreased sensation in Jackson's right thumb, that she had difficulty picking up a coin with the left hand, that she could turn pages "ok", and she was able to fasten buttons but had difficulty at times. (Tr. 153-54). Dr. Brown opined that Jackson was limited in her pushing and pulling with her upper extremities, limited her ability to perform fine and dexterous movements, and that she should avoid reaching. (Tr. 154). Based on this assessment, Gerald Gryczko, M.D., a state agency physician, also concluded in his August 8, 2005 physical residual functional capacity assessment that Jackson was limited in her ability to push and pull with her upper extremities, her ability to handle with both hands and her ability to finger with her left hand. (Tr. 174-76).

       The ALJ addressed these two opinions and found that they were unpersuasive because they relied only on one clinical examination and were not supported by any objective test results. (Tr. 23 ¶ 3; 27 ¶ 3); see 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) (providing that "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"). I first note that Jackson has the burden of producing evidence of a disability, including medical evidence to establish her RFC, 68 Fed. Reg. 51153, and that the mere diagnosis of a disorder is

---

[2] Jackson contends that her shoulder impairment is based upon an x-ray showing acromioclavicular separation that she received after falling off of a bicycle. (Tr. 181-95). It is apparent from the record that her recovery was fairly brief and there is no indication of long term functional limitations associated with this mishap. Thus, I will not factor this alleged impairment into my analysis.

not sufficient to establish disability. Petition of Sullivan, 904, F.2d 826, 845 (3d Cir. 1990). Here, Jackson did not meet her burden of proof regarding her alleged manipulative limitations and I find that the ALJ's decision to omit such limitations from the RFC was supported by substantial evidence. The ALJ reasonably concluded that the record established that Jackson's carpal tunnel syndrome was not a "groundless claim" and, thus, was severe, but that the record did not reveal objective evidence of any significant functional limitations associated with the disorder. McCrea v. Comm. of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). I also note that Jackson received no treatment for her carpal tunnel syndrome, did not initially allege disability due to carpal tunnel syndrome and stated that she could dial a phone, use a remote control, fasten buttons, snaps, et cetera. (Tr. 61-62; 91-97; 98). As a result, Jackson's argument must fail.[3]

      B.     Second, Jackson alleges that the ALJ erred by failing to give controlling weight to her treating psychiatrist, Lucila Villaluz, M.D. Specifically, Jackson claims that the ALJ should have given more credit to Dr. Villaluz's June 8, 2007 opinion that Jackson was unable to meet competitive standards in almost every category of mental ability. (Tr. 225-29). In her opinion, the ALJ discussed at length Jackson's mental impairments and limitations and the records dealing therewith, recognized that Jackson had serious mental heath issues, and limited her RFC accordingly. (Tr. 20 ¶¶ 1-3; 21 Finding 5; 22 ¶¶ 1-4; 24 ¶ 1 - 25 ¶ 2). The ALJ discussed Dr. Villaluz's assessments and reasonably concluded that the extreme limitations found in her June 8, 2007 assessment were not supported by her contemporaneous treatment notes from Lehigh Valley Community Mental Heath Center or the mental assessments of Frank Mrykalo, Ed. D., a state agency psychologist, or Janet Snyder, Ph. D, a consultative psychological examiner. (Tr. 24 ¶ 1 - 25 ¶ 2; 146-52; 155-71; 211-219; 220-23; 225-29; 230-59). As a result, the ALJ did not accord significant weight to the assessment. (Tr. 25 ¶ 1). Whether a claimant is disabled from work is a decision reserved to the Commissioner and a physician's opinion thereof is not entitled to any special significance. 20 C.F.R. §§ 404.1527(e); 416.927(e). Moreover, a treating physician's opinion is only entitled to controlling weight if it is supported by clinical evidence and not inconsistent with the other medical evidence. 20 C.F.R. §§ 404.1527(d); 416.927(d). Based upon the above, I find that the ALJ's determination to give limited weight to Dr. Villaluz's assessments was supported by substantial evidence because a reasonable person could find that her extreme findings were not supported by sufficient medical evidence and were inconsistent with other record evidence.

      5.     Upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence. As a result, Jackson's request for relief must be denied and the decision must be affirmed.

      An appropriate Order follows.

---

[3] Jackson also contends that if Dr. Brown's manipulative limitations were credited, the VE's testimony regarding what jobs she could perform would conflict with the DOT definitions of those jobs. Because the ALJ reasonably excluded Dr. Brown's manipulative limitations from the RFC and hypothetical, this argument is moot.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHANTHA MARIE JACKSON : CIVIL ACTION
:
v. : NO. 08-1027
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :

## ORDER

AND NOW, this 15th day of October, 2008, upon consideration of the brief in support of request for review filed by plaintiff and defendant's response (Doc. Nos. 9 & 12) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

LOWELL A. REED, JR., Sr. J.